1  MILBERG LLP
   JEFF S. WESTERMAN (SBN 94559)
2  jwesterman@milberg.com
   SABRINA S. KIM (SBN 186242)
3  skim@milberg.com
   ANDREW J. SOKOLOWSKI (SBN 226685)
4  asokolowski@milberg.com
   One California Plaza
5  300 S. Grand Avenue, Suite 3900
   Los Angeles, CA  90071
6  Telephone: (213) 617-1200
   Facsimile:  (213) 617-1975
7
   MILBERG LLP
8  ANDREI V. RADO
   arado@milberg.com
9  One Pennsylvania Plaza, 49th Floor
   New York, NY  10119
10 Telephone: (212) 594-5300
   Facsimile:  (212) 868-1229
11
12 *Counsel for Plaintiffs*

              UNITED STATES DISTRICT COURT
13
              CENTRAL DISTRICT OF CALIFORNIA
14
                    WESTERN DIVISION
15

16 BEVERLY KING and NANCY            ) CASE NO. CV 10-03792 DSF
   GLENNON, individually and on behalf of ) (PLAx)
17 all others similarly situated,      )
                                      ) CLASS ACTION
18                      Plaintiffs,    )
                                      ) PLAINTIFFS' RESPONSE TO
19           v.                        ) DEFENDANT'S REQUEST FOR
                                      ) JUDICIAL NOTICE
20 CITIMORTGAGE, Inc., a member of    )
   CITIGROUP Inc.,                     )
21                                     ) DATE:      March 7, 2011
                                      ) TIME:      1:30 p.m.
22                      Defendant.    ) CTRM.:     840
                                      ) JUDGE:     Hon. Dale S. Fischer
23 [Caption Continued on the Following )
   Page]
24
25
26
27
28

| PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | | CASE NO.: CV 10-03792 DSF (PLAx) |
| --- | --- | --- |

1  HANNA BERNARD, on behalf of herself          )  CASE NO. 10-6292 DSF (PLAx)
2  and all other similarly situated,             )
                                                  )
3                            Plaintiff,           )
                                                  )
4        v.                                       )
                                                  )
5  CITIMORTGAGE, INC.,                           )
                                                  )
6                            Defendant.           )
7  MARIA BETANCOURT and PEDRO                     )  CASE NO. 2:10-cv-7049 DSF
   BETANCOURT, individually and on               )  (PLAx)
8  behalf of all others similarly situated,      )
                                                  )
9                            Plaintiffs,          )
                                                  )
10       v.                                       )
                                                  )
11 CITIMORTGAGE, INC.,                           )
                                                  )
12                           Defendants.          )
                                                  )
13                                                )
                                                  )
14 CARLA CHUI, MAURIZIO VERDINI,                  )  CASE NO. CV 10-7385 DSF
15 ELIZABETH DANIEL, on behalf of                 )  (PLAx)
   themselves and all others similarly           )
16 situated,                                      )
                                                  )
17                           Plaintiffs,          )
                                                  )
18       v.                                       )
                                                  )
19 CITIMORTGAGE, INC.,                           )
                                                  )
20                           Defendant.           )
21

22

23

24

25

26

27

28

| PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | | CASE NO.: CV 10-03792 DSF (PLAx) |
|---|---|---|

## I.    INTRODUCTION

Plaintiffs' Consolidated Class Action Complaint (the "Complaint") pleads a disturbing pattern of false promises, undue delay, and illegal fees perpetrated by CitiMortgage, Inc. ("Citi"), in its failure to follow through on home loan modifications.

Citi asks this Court to take judicial notice of the contents of certain documents referenced in the Complaint and/or filed in connection with their motion to dismiss.  Plaintiffs do not oppose Citi's requests for judicial notice, *unless* Citi is seeking to have the Court take judicial notice of the truth of any fact contained in the relevant documents.

Accordingly, solely to the extent that Citi seeks judicial notice of the truth of any fact contained therein, Plaintiffs oppose Citi's request that the Court take judicial notice of the contents of Exhibits A-Q, attached to the Declaration of Steven E. Rich (the "Rich Decl.") filed concurrently with Citi's request for judicial notice (the "Judicial Notice Exhibits").  To the extent that Citi improperly asks the Court to notice the truth of any of the statements contained in the Judicial Notice Exhibits and to decide heavily contested factual questions in their favor at the motion to dismiss stage, the Court should deny Citi's request pursuant to Federal Rule of Evidence 201.  However, to the extent that Citi seeks judicial notice of the existence and contents of the Judicial Notice Exhibits, Plaintiffs do not oppose Citi's requests.

## II.    ARGUMENT

The Federal Rules of Evidence allow courts to take judicial notice of facts that are not subject to reasonable dispute, either because they are "(1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Such facts become "accept[ed] as conclusive"

1    upon the Court's taking of judicial notice.  Fed. R. Evid. 201(g).  However, under

2    Fed. R. Evid. 201, where the truth of the documents is disputed or capable of

3    dispute, taking judicial notice of the truth of facts contained within the documents

4    is reversible error.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.

5    2001).  Thus, Plaintiffs do not object to the Court taking judicial notice of the

6    requested documents insofar as it does not notice the truth of such documents.

7         As Citi has correctly noted, on a motion to dismiss, the Court "may consider

8    materials incorporated into the complaint or matters of public record."  *Coto*

9    *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  However, it is

10   reversible error to take judicial notice of the "truth" of disputed facts contained in

11   documents of public record.  *Lee*, 250 F.3d at 688.  The Ninth Circuit has held that

12   a district court may take judicial notice of "undisputed matters of public record,"

13   but not "disputed facts stated in public records."  *Id.* at 690.  "Because the effect of

14   judicial notice is to deprive a party of an opportunity to use rebuttal evidence,

15   cross-examination, and argument to attack contrary evidence, caution must be used

16   in determining that a fact is beyond controversy under Rule 201(b)."  *Wright v.*

17   *Brooke Group Ltd.*, 114 F. Supp. 2d 797, 816 (N.D. Iowa 2000).  Thus, in the

18   Ninth Circuit it is improper to judicially notice the contents of documents

19   challenged as inaccurate.  *Northpoint Commc'n Grp., Inc., Sec. Litig.*, 221 F. Supp.

20   2d 1090, 1095 (N.D. Cal. 2002).

21        The incorporation by reference doctrine permits a district court to consider

22   only those documents "'whose contents are alleged in a complaint and whose

23   authenticity no party questions, but which are not physically attached to the

24   [plaintiff's] pleading.'"  *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)

25   (quoting *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994)).  The mere mention

26   of the existence of a document is insufficient to incorporate the contents of a

27   document by reference.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

28   2003).  Such documents may be considered in their entirety not to prove the truth

| PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | - 2 - | CASE NO.: CV 10-03792 DSF (PLAx) |
| --- | --- | --- |
| DOCS\544438v1 | | |

1    of their contents, but only to determine what the documents stated.  *Lee*, 250 F.3d
2    at 688-90; *see also Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d
3    1384, 1388-89 (2d Cir. 1992) (district court improperly took judicial notice of filed
4    documents because it used them "to establish facts asserted therein"); *State Farm*
5    *Fire & Cas. Co. v. Westchester Inv. Co.*, 721 F. Supp. 1165, 1166 (C.D. Cal. 1989)
6    (truth of argument contained in documents not judicially noticed).

7         Here, Citi requests judicial notice of ten original contract and loan
8    documents, including mortgage notes and deeds of trust, found in Exhibits A-J.
9    These requests should be denied because Plaintiffs dispute the continuing validity
10   and completeness of these documents and because Citi's requests seek not only
11   judicial notice of the documents, but also the adoption of its own questionable
12   interpretation of the contract and loan documents.   Specifically, because Citi's
13   requests improperly seek that the Court notice such documents as the documents
14   "governing" Plaintiffs' mortgages, the completeness, validity, and continuing
15   relevance of such documents is directly disputed by Plaintiffs' allegations that
16   Plaintiffs' mortgages should be permanently modified.  *See* Compl. ¶¶ 3-9.

17        Thus, it would be reversible error to take judicial notice of the "truth" of
18   those documents or of the validity of Citi's assertion that those documents govern
19   Plaintiffs' mortgages, which are disputed questions of fact.  *See Lee*, 250 F.3d at
20   689-90.  Also, any ambiguity or dispute about the contents of such documents must
21   be resolved "in plaintiffs' favor" at the motion stage.  *Id.* at 690; *Int'l Audiotext*
22   *Network v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (at the motion to
23   dismiss stage, court will resolve "ambiguities" in plaintiff's favor).

24        Plaintiffs do not oppose Citi's requests for judicial notice of Exhibits K-Q
25   under the incorporation by reference doctrine, *solely to the extent that Citi does not*
26   *seek judicial notice of the truth of any fact contained therein*.  To the extent that
27   Citi's requests improperly ask that the Court take notice of the truth of facts
28   contained therein, or of Citi's own incorrect interpretations of the facts contained

| PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | - 3 - | CASE NO.: CV 10-03792 DSF (PLAx) |
| --- | --- | --- |
| DOCS\544438v1 | | |

1  therein, this Court should deny Citi's requests for judicial notice of Exhibits K-Q.

2  *Lee*, 250 F.3d at 688-90; *see also Liberty Mut. Ins. Co.*, 969 F.2d at 1388-89.

3

4  DATED: January 24, 2011                MILBERG LLP
                                          JEFF S. WESTERMAN
                                          SABRINA S. KIM
5                                         ANDREW J. SOKOLOWSKI

6
                                          _____*/s/ Andrew J. Sokolowski*_____
7                                            ANDREW J. SOKOLOWSKI

8                                         One California Plaza
                                          300 S. Grand Avenue, Suite 3900
9                                         Los Angeles, CA  90071
                                          Telephone: (213) 617-1200
10                                        Facsimile:  (213) 617-1975
                                          Email: jwesterman@milberg.com
11                                          skim@milberg.com
                                            asokolowski@milberg.com
12
                                          MILBERG LLP
13                                        ANDREI V. RADO
                                          arado@milberg.com
14                                        One Pennsylvania Plaza, 49th Floor
                                          New York, NY  10119
15                                        Telephone: (212) 594-5300
                                          Facsimile:  (212) 868-1229
16

17

18

19

20

21

22

23

24

25

26

27

28