MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
STEVEN E. RICH (SBN 198412)
*srich@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

MAYER BROWN LLP
LUCIA NALE
*lnale@mayerbrown.com*
MICHELE L. ODORIZZI
*modorizzi@mayerbrown.com*
DEBRA BOGO-ERNST
*dernst@mayerbrown.com*
STEPHEN J. KANE
*skane@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
(*Admitted Pro Hac Vice*)

Attorneys for Defendant
CITIMORTGAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY KING and NANCY GLENNON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, Inc., a member of CITIGROUP Inc.,<br><br>Defendant. | Case No. CV-10-3792-DSF-PLAx<br><br>**DEFENDANT CITIMORTGAGE, INC.'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS UNTIL AFTER A DECISION BY THE JOINT PANEL ON MULTIDISTRICT LITIGATION ON CITIMORTGAGE'S PENDING MOTION FOR TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August  22 , 2011<br>Time:    1:30 p.m.<br>Judge:   Courtroom of the Hon. Dale S. Fischer, United States District Judge |

| | |
|---|---|
| 1 HANNA BERNARD, on behalf of herself and all others similarly 2 situated, | |
| 3 Plaintiff, | |
| 4 v. | Case No.  CV-10-6292-DSF-PLAx |
| 5 CITIMORTGAGE, Inc., | |
| 6 Defendant. | |
| 7 MARIA BETANCOURT and PEDRO BETANCOURT, individually and on 8 behalf of all others similarly situated, | Case No.  CV-10-7049-DSF-PLAx |
| 9 Plaintiffs, | |
| 10 v. | |
| 11 CITIMORTGAGE, INC., a New York corporation; CITIBANK, N.A., a 12 national banking association; CITIGROUP, INC., a Delaware 13 corporation; and DOES 1-100, | |
| 14 Defendants. | |
| 15 CARLA CHUI, MAURIZIO VERDINI, ELIZABETH DANIEL, 16 on behalf of themselves and all others similarly situated, | Case No.  CV-10-7385-DSF-PLAx |
| 17 Plaintiffs, | |
| 18 v. | |
| 19 CITIMORTGAGE, Inc., | |
| 20 Defendant. | |
| 21 | |

22
23
24
25
26
27
28

700350364.1

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 22, 2011 at 1:30 p.m., in the Courtroom of the Honorable Dale S. Fischer, United States District Judge, located at the Edward D. Roybal Federal Building & Courthouse, 255 East Temple Street, Los Angeles, California 90012, or as soon thereafter as counsel may be heard, Defendant CitiMortgage, Inc. will move the Court to stay all proceedings in these actions until after the Joint Panel on Multidistrict Litigation ("JPML") rules on Citi's pending Motion for Transfer and Consolidation or Coordination of Related Actions Pursuant to 28 U.S.C. § 1407.

This Motion is made on the grounds that (1) the stay requested would promote judicial economy and efficiency, e.g., all parties to the HAMP proceedings pending throughout the country agree that the cases should be transferred and consolidated or coordinated for pretrial proceedings, (2) the stay requested would not be prejudicial to Plaintiffs, and (3) if a stay were denied, it would be inequitable to and cause hardship to Defendant CitiMortgage, Inc.  This Motion is based on the attached Memorandum of Point and Authorities, the exhibits filed concurrently herewith, the entire file of this action, and upon such argument and evidence the Court may received at the hearing of this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 8, 2011. [1]

Dated: July 18, 2011                          MAYER BROWN LLP


                                                            By: /s/ Steven E. Rich_____

                                                            Attorneys for Defendant CITIMORTGAGE, INC.

---

[1]   Plaintiffs responded to the conference by serving discovery later that day and verbally confirming on July 13, 2011 that they opposed the motion to stay.

700350364.1

Defendant CitiMortgage, Inc. ("Citi"), by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its motion to stay all proceedings until after the Joint Panel on Multidistrict Litigation ("JPML") rules on Citi's pending Motion for Transfer and Consolidation or Coordination of Related Actions Pursuant to 28 U.S.C. § 1407 ("Citi's Motion for Transfer").

## I.    BACKGROUND

This case is one of a number of putative class actions filed against Citi challenging Citi's responses to applications allegedly submitted by certain borrowers to permanently modify their mortgage loans under the federal government's Home Affordable Modification Program ("HAMP").    Currently, there are nine (9) separate, HAMP-related putative class actions pending against Citi in seven (7) different jurisdictions scattered across the country.  These lawsuits (the "HAMP Actions") all assert common legal and factual claims[2] regarding, among other things, Citi's process for determining whether to modify a loan pursuant to HAMP and Citi's method of communicating that decision to certain borrowers.[3]  It is likely that more actions seeking class status will be filed in additional jurisdictions.

///

---

[2]    Although transfer and consolidation or coordination under 28 U.S.C. § 1407 is appropriate for these cases, none of the putative classes alleged in the various complaints, including the putative class alleged in this case, should be certified under Fed. R. Civ. P. 23.  The relevant threshold inquiry under Rule 23 generally concerns whether a case presents the same questions *among different plaintiffs and class members*, whereas the inquiry under § 1407(a) is whether the same common questions arise *across different cases*.  Therefore, any analysis under § 1407 is distinct from an analysis of whether numerosity, commonality, typicality, and adequacy—as well as the requirements of Rule 23(b)—have been satisfied in any of the HAMP Actions.    Class certification in the HAMP Actions would be inappropriate for a host of reasons, including the varied factual circumstances surrounding each individual plaintiff's application for a permanent loan modification under HAMP and Citi's decision relative thereto.

[3]    Citi denies all of the plaintiffs' claims and allegations of wrongdoing in these cases.

1      The plaintiffs in *King v. CitiMortgage, Inc.*, No. 10-cv-03792-DSF (C.D.

2  Cal.) filed their complaint on May 19, 2010.  In mid-to-late 2010, Citi moved to

3  transfer and consolidate three other HAMP-related cases (two of which were

4  pending in California) with *King* in this Court.[4]  This Court consolidated the  cases

5  with *King* in October of 2010, and the plaintiffs filed their consolidated complaint

6  on November 8, 2010.  *See King v. CitiMortgage, Inc.*, No. 10-cv-03792-DSF,

7  Document No. 43.

8      Since that time, several additional putative class actions alleging similar

9  HAMP-related claims have been filed in jurisdictions dispersed across the country,

10  with five actions filed in the last three months alone.  Specifically, since the *King*

11  consolidation, the following eight putative class cases raising similar HAMP-

12  related claims have been filed and are pending in various courts:

13      • *Costigan v. CitiMortgage, Inc.*, No. 10-cv-8776-SAS (S.D.N.Y.), filed

14         November 19, 2010;

15      • *Calfee v. CitiMortgage, Inc.*, No. 10-cv-12051-WGY (D. Mass.), filed

16         November 29, 2010;

17      • *Silva v. CitiMortgage, Inc.*, No. 11-cv-01432-WHW-CCC (D.N.J.),

18         filed March 11, 2011;

19      • *Singh v. CitiMortgage, Inc.*, No. 11-cv-00793-KJM-GGH (E.D. Cal.),

20         filed March 22, 2011;

21      • *Whiting v. CitiMortgage, Inc.*, No. 11-cv-02318-ER (E.D. Pa.), filed

22         April 1, 2011;

23      • *Barry v. CitiMortgage, Inc.*, No. 11-cv-02918-RRP-YBK (N.D. Ill.),

24         filed May 2, 2011;

25      • *DeRosa v. CitiMortgage, Inc.*, No. 11-cv-02914-ER (E.D. Pa.), filed

26

27

28

---

[4]   The three cases were, *Bernard v. CitiMortgage, Inc.*, Case No. 10-cv-01331-GEB-KJM (E.D. Cal.); *Betancourt v. CitiMortgage, Inc.*, Case No. 4:10-cv-03168-SBA (N.D. Cal.) : and *Chui v. CitiMortgage, Inc.*, Case No. 1:10-cv-22143-Graham (S.D. Fla.).

CITIMORTGAGE, INC.'S MOTION TO STAY ALL PROCEEDINGS; CASE NO. CV-10-3792-DSF-PLAX
700350364.1

1    May 2, 2011; and

2    • *Gastineau v. CitiMortgage, Inc.*, No. 11-cv-02773-AET-TJB (D.N.J.),

3        filed May 13, 2011.

4    In addition, at least two other HAMP related putative class cases were filed but

5    then dismissed:

6    • *Seller v. CitiMortgage, Inc.*, No. 11-cv-03892-DSF-PLA (C.D. Cal.), filed

7        May 5, 2011, dismissed by this Court for lack of subject matter jurisdiction

8        on May 25, 2011, and

9    • *Goodyk v. CitiMortgage, Inc.*, No. 11-cv-00027-JAJ-TJS (S.D. Iowa), filed

10       Jan. 19, 2011, voluntarily dismissed on June 13, 2011.

11    Following the recent multitude of new filings, on June 10, 2011, Citi moved

12    the Judicial Panel on Multidistrict Litigation ("JPML") to transfer and consolidate

13    or coordinate the HAMP-related actions pursuant to 28 U.S.C. § 1407. *See* Citi's

14    Motion for Transfer (filed herewith as Exhibit A) and CitiMortgage, Inc.'s

15    Memorandum in Support of Motion for Transfer and Consolidation or

16    Coordination of Actions Pursuant to 28 U.S.C. § 1407 ("Citi's Transfer Memo")

17    (filed herewith as Exhibit B). Plaintiffs filed their response to Citi's Motion for

18    Transfer on July 5, 2011 and agreed that the cases should be transferred to a single

19    court for consolidated or coordinated proceedings. Given that all parties are in

20    favor of an MDL, including the *King* plaintiffs in this matter and the other

21    plaintiffs who have brought HAMP proceedings against Citi across the country,

22    staying this case pending a decision from the JPML is appropriate. Indeed, for

23    precisely this reason, a court in the District of Massachusetts recently

24    administratively closed the case there (*Calfee v. CitiMortgage, Inc.*, No. 10-cv-

25    12051-WGY, Doc. No. 44) "pending the acceptance or nonacceptance" of that

26    case by the JPML. Likewise, and from an efficiency and a judicial economy

27    standpoint, Citi respectfully requests a stay here.

28

## II.   ARGUMENT

In light of its pending motion before the JPML, Citi respectfully requests that this Court stay or continue all proceedings, including scheduling conferences, hearings, and all pending deadlines for service of discovery, until after the JPML decides Citi's pending Motion for Transfer.  To the extent the JPML ultimately determines that transfer is warranted, such a short stay and continuance is necessary to achieve the purposes of 28 U.S.C. § 1407—the promotion of the just and efficient administration of the litigation.

It is well-settled that "[a] district court has the inherent power to stay its proceedings."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  This power "'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Id.* (*quoting Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-255). Courts in this District have interpreted the third factor as a question of judicial economy. See *Rivers*, 980 F. Supp. at 1360.

All three factors weigh in favor of staying this matter pending a decision by the MDL Panel.  Indeed, courts routinely exercise their inherent power to stay actions where, as here, motions to transfer and consolidate are pending before the MDL Panel. *See, e.g.*, *Rivers*, 980 F. Supp. at 1362 ("it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL

4

1 Panel") (citations omitted); 15 WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE

2 AND PROCEDURE § 3866.1 (2011) ("district courts often will exercise their

3 discretionary power to stay the proceedings before them with regard to a variety of

4 matters pending a decision by the Panel regarding the transfer of a case, especially

5 when such a stay would further the policies of judicial economy, efficiency, and

6 consistency that are deeply embedded in the federal multidistrict litigation

7 statute"); *see also* MULTIDISTRICT LITIGATION MANUAL, § 3:15 ("District courts

8 have . . . readily stayed proceedings pending a Panel decision"); MANUAL FOR

9 COMPLEX LITIGATION, FOURTH, § 22.35 (2009) ("A stay pending the Panel's

10 decision can increase efficiency and consistency, particularly when the transferor

11 court believes that a transfer order is likely and when the pending motions raise

12 issues likely to be raised in other cases as well"); *accord Gordillo v. Bank of*

13 *America, N.A.*, No. 1:09-cv-01954 AWI GSA, 2010 WL 148699, at *2 (E.D. Cal.

14 Jan. 14, 2010) (staying action in its entirety until the MDL Panel ruled on the

15 pending motion to transfer); *Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft*, 48

16 F. Supp. 2d 37, 43 (D.D.C. 1999) (staying case "pending resolution by the Judicial

17 Panel on Multidistrict Litigation of defendants' motion to consolidate and transfer

18 this and other related cases" because, "[g]iven the potential for common and

19 overlapping issues in many of these cases, . . . such a stay would further judicial

20 economy and eliminate the potential for conflicting pretrial rulings were the case

21 ultimately transferred").

22   Turning to the factors identified by the Ninth Circuit, first, a stay would not

23 prejudice plaintiffs. The stay and continuance sought by Citi would be in effect

24 only until the JPML issues its decision and plaintiffs' claims here will not be

25 harmed if discovery or other pretrial activities are stayed for a short period of time.

26 Thus, "any delay caused by this stay will be of very short duration, and unlikely to

27 cause the degradation of memories or the loss of material evidence." *See Fuller v.*

28 *Amerigas Propane, Inc.*, Nos. C 09-2493 TEH, 09-2616 TEH, 2009 WL 2390358,

at *1 (N.D. Cal. Aug. 3, 2009).  As in *Rivers*, "since it would serve the interests of judicial economy and because there is no evidence that it would prejudice [the non-movant], it is appropriate for this Court to grant [the] motion to stay pending an MDL Panel decision regarding consolidation."   980 F. Supp. at 1362. Additionally, if this Court were to grant a stay for the relatively short time period required for the JPML to hear and decide Citi's Motion for Transfer, such a stay would not disrupt the scheduled proceedings in this case.  This action is still in the early stages.   While the parties have engaged in Rule 26 activities, including exchanging initial disclosures, no discovery has taken place, no scheduling order has been entered, and the only substantive motion practice has been Citi's motion to dismiss the plaintiffs' consolidated complaint.

Regarding the second factor, Citi would suffer hardship and inequity if a stay were denied because it would be forced to engage in detailed planning and implementation for discovery in separate district courts throughout the country. Because of the similarity of the claims at issue, Citi would be burdened by being forced to prepare for discovery in different forums, including undertaking separate discussions and negotiations with each plaintiff's counsel and responding to oral and written discovery, before the JPML has the opportunity to determine whether consolidated or coordinated pretrial proceedings are proper here.  *See Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (recognizing "the disadvantages of litigating identical claims in a multitude of venues"); *see also Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, Civ. A. No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) ("even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay").  This planning and implementation would be rendered unnecessary or redundant if the JMPL subsequently granted Citi's Motion for Transfer.  *See Fuller*, 2009 WL 2390358, at *1 (stay warranted where defendant would suffer "hardship associated

1   with the effort required to conduct discovery in multiple cases that may be
2   rendered pointless or redundant by the decision of the MDL panel").

3       Finally, staying this litigation pending the Panel's decision on Citi's Motion
4   for Transfer would promote judicial efficiency.   To quote one federal court
5   addressing a similar motion, "[i]f the MDL [m]otion is granted, all of the Court's
6   time, energy, and acquired knowledge regarding this action and its pretrial
7   procedures will be wasted." *U.S. Bank v. Royal Indem. Co.*, No. Civ. A. 3:02-CV-
8   0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002).   As courts in this
9   District have recognized, it would be highly inefficient for a court to expend time
10  and resources "familiarizing itself with the intricacies of a case" that could well
11  "be heard by another judge." *Rivers*, 980 F. Supp. at 1360.   Indeed, "any efforts on
12  behalf of this Court concerning case management will most likely have to be
13  replicated by the judge that is assigned to handle the consolidated litigation" if the
14  JPML grants Citi's Motion for Transfer.   *Id.* at 1360-61.   In addition, in the
15  absence of a stay, "there are no guarantees that an order by this Court would not
16  later be vacated and this Court's investment of time and resources would not have
17  been in vain," because a transferee can vacate or modify previous rulings of the
18  transferor judge. *Id.* at 1361.

19      A stay also promotes judicial efficiency by eliminating the potential that the
20  parties and the MDL court could be burdened with "conflicting pretrial rulings."
21  *Aetna U.S. Healthcare*, 48 F. Supp. 2d at 43; *see also Lund v. CitiMortgage*, 2011
22  WL 1873690 (D. Utah May 17, 2011) (granting Citi's motion to dismiss TPP-
23  based claims).   When cases proceed in different district courts pending the Panel's
24  decision to transfer the cases to a single judge, those courts not only duplicate each
25  other's work, but also create the potential for inconsistent pretrial orders on similar
26  pretrial motions.   *Id.*   If the cases are transferred by the JPML, the MDL judge
27  must thereafter address those inconsistent pretrial rulings. *See Rivers*, 980 F. Supp.
28  at 1361.

7

## III.    CONCLUSION

For the reasons detailed above, Citi respectfully requests that this Court enter an order staying all proceedings, including all scheduled conferences, hearings, and all pending deadlines for service of discovery, until after the JPML rules on Citi's Motion for Transfer.

Respectfully submitted,

Dated: July 18, 2011                    MAYER BROWN LLP

By: /s/ Steven E. Rich_____

Attorneys for Defendant CITIMORTGAGE, INC.

CITIMORTGAGE, INC.'S MOTION TO STAY ALL PROCEEDINGS; CASE NO. CV-10-3792-DSF-PLAX

700350364.1

**PROOF OF SERVICE**

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, 25th Floor, Los Angeles, California  90071-1503.  On July 18, 2011, the foregoing NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS UNTIL AFTER A DECISION BY THE JOINT PANEL ON MULTIDISTRICT LITIGATION ON CITIMORTGAGE'S PENDING MOTION FOR TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF was served electronically via the CM/ECF system upon:

Jeff S. Westerman
Sabrina S. Kim
David Azar
MILBERG LLP
One California Place, Suite 3900
Los Angeles, California 90071
Tel.: (213) 617-1200
Fax: (213) 617-1975

Andrei V. Rado
Jessica J. Sleater
MILBERG LLP
One Pennsylvania Place, 49th Floor
New York, NY 10119
Tel.: (212) 594-5300
Fax: (212) 868-1229

Rosemary M. Rivas
Tracy Tien
FINKELSTEIN THOMPSON LLP
100 Bush Street, Suite 1450
San Francisco, California 94104
Tel.: (415) 398-8700
Fax: (415) 398-8704

James C. Sturdevant
Whitney Huston
THE STURDEVANT LAW FIRM
354 Pine Street, 4th Floor
San Francisco, CA 94104
Tel.: (415) 477-2410
Fax: (415) 477-2420

Maeve Elise Brown
Elizabeth S. Letcher

CITIMORTGAGE, INC.'S MOTION TO STAY ALL PROCEEDINGS; CASE NO. CV-10-3792-DSF-PLAX
700350364.1

Noah Zinner
HOUSING AND ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

In addition, on July 18, 2011, the foregoing document was served by U.S. mail upon:

Cynthia Singerman
HOUSING AND ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel.: (510) 271-8443
Fax: (510) 868-4521

Andrew J. Garcia
Carlin J. Phillips
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
Dartmouth, MA 02747
Tel.: (508) 998-0800
Fax: (508) 998-0919

Carlin J. Phillips
Edward K. O'Brien Law Offices
470 Atlantic Ave., 11th Floor
Boston, MA 02210
Tel.: (617) 357-7400

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice the envelopes would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 18, 2011, at Los Angeles, California.

Cristina Villa

10