# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BEVERLY KING, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., etc.,<br><br>    Defendants. | No. CV 10-3792-DSF (PLAx)<br>No. CV 10-6292-DSF (PLAx)<br>No. CV 10-7049-DSF (PLAx)<br>No. CV 10-7385-DSF (PLAx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES' PROPOSED STIPULATED PROTECTIVE ORDER** |
| HANNA BERNARD, etc.,<br><br>    Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>    Defendant. | |
| MARIA BETANCOURT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>    Defendants. | |

| | |
|---|---|
| CARLA CHUI, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| CITIMORTGAGE, INC., | ) |
| Defendant. | ) |

The Court has received and considered the parties' proposed Stipulated Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the followings reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," etc.). It is not sufficient to use only conclusory terms such as "confidential policies, procedures and/or proprietary information," and "personal information." (See pages 3-4, at ¶ 2).

Second, in the event of a dispute regarding the designation or disclosure of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. (See, e.g., page 9, at ¶ 15). If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

Third, once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise. The Court will not enter a protective order that extends beyond the commencement of trial.

Finally, the Court may only enter a protective order upon a showing of good cause. Phillips v. G.M. Corp., 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good cause"

2

1  for a protective order); <u>Makar-Wellbon v. Sony Electronics, Inc.</u>, 187 F.R.D. 576, 577 (E.D.Wis.
2  1999) (even stipulated protective orders require good cause showing). The parties' stipulation fails
3  to include any statements to demonstrate good cause for issuing the protective
4  order.  In any revised stipulated protective order submitted to the Court, the parties must include
5  a statement demonstrating good cause for entry of a protective order pertaining to the documents
6  or information described in the order.  The paragraph containing the statement of good cause
7  should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

DATED: August 4, 2011

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE